UNITED STATES of America,
Appellee,

v.

Jesus VALLE, Appellant.

No. 10–1673.

United States Court of Appeals,
Eighth Circuit.

Submitted: March 14, 2011.

Filed: April 7, 2011.

Laine T. Cardarella, Asst. Fed. Public Defender, Kansas City, MO (Raymond C. Conrad, Jr., Fed. Public Defender, on the brief), for appellant.

David A. Barnes, Asst. U.S. Atty., Kansas City, MO (Beth Phillips, U.S. Atty., on the brief), for appellee.

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

PER CURIAM.

Jesus Valle appeals from his conviction for being a felon in possession of ammunition, *see* 18 U.S.C. § 922(g)(1). His sole contention on appeal is that the district court [1] erred in holding that his California conviction for burglary in the second degree was for a crime of violence within the meaning of U.S.S.G. § 4B1.2 and enhancing his sentence on that basis. As relevant here, the guideline defines a crime of violence as an offense that "is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).

Mr. Valle maintains that because he burgled an elevator control room, not a dwelling, his offense did not qualify for the sentencing enhancement, and he cites *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), in support of his argument. But we held in *United States v. Stymiest*, 581 F.3d 759 (8th Cir.2009), *cert. denied*, — U.S. —, 130 S.Ct. 2364, 176 L.Ed.2d 573 (2010), that this very argument was unavailing. We explained that we had consistently held that any generic burglary (the unauthorized entry of a structure for the purpose of committing a crime) involved serious potential risk of harm to another and therefore satisfied the "otherwise" clause of the guideline, and that *Begay* had not overruled those precedents. *Id.* at 767–69; *see* U.S.S.G. 4B1.2(a)(2). Mr. Valle maintains that *Stymiest* and related cases are in error and should be overruled. But a panel of our court is not free to overrule a case decided by another panel; only the *en banc* court can do that. *See United States v. Riza*, 267 F.3d 757, 760 (8th Cir.2001). So we are obliged to reject Mr. Valle's argument.

Affirmed.

---

1. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.